**ARMOUR & CO., LIMITED, v. HARRISON.**

**No. 47 C 518.**

United States District Court
N. D. Illinois, E. D.

Oct. 10, 1949.

---

6. Creedon v. Babcock, supra, 163 F.2d 480 at 484.

Frederick R. Baird, R. F. Foagans, W. R. Emery, C. Marcus Whiting, Chicago, Ill., for plaintiff.

Otto Kerner, Jr., United States Attorney, Chicago, Ill., for defendant.

LA BUY, District Judge.

The above cause has been presented to the court on stipulated facts of the litigants. The plaintiff taxpayer seeks to recover $7,020.13 paid as surtax on undistributed profits for the taxable fiscal year ended on October 31, 1938 because it is alleged to have had a deficit at the beginning of that fiscal year within the meaning of the Louisiana statute prohibiting payment of dividends during the existence of a deficit.

Section 14(b) of the Revenue Act of 1936, Chapter 690, 26 U.S.C.A.Int.Rev.Acts, page 823, provides for the imposition of a surtax on undistributed profits. Section 26, as amended, Revenue Act 1942, § 501, 26 U.S.C.A.Int.Rev.Acts, page 344, provides for credits of corporations and subparagraph (c) 3 thereof reads as follows: "Deficit corporations. In the case of a corporation having a deficit in accumulated earnings and profits as of the close of the preceding taxable year, the amount of such deficit, if the corporation is prohibited by a provision of a law or of an order of a public regulatory body from paying dividends during the existence of a deficit in accumulated earnings and profits, and if such provision was in effect prior to May 1, 1936."

It has been stipulated by the parties that at the close of the taxpayer's fiscal year ended October 31, 1937, it had a deficit in accumulated earnings and profits of $1,348,746.19 and an unrealized appreciation of assets of $12,497.30. It is the contention of the taxpayer that at the close of its fiscal year immediately preceding the taxable year in question it had a deficit in accumulated earnings and profits for corporate purposes of $25,109.61. It is the position of the Collector the taxpayer had a surplus of $17,975.40. The schedules have been submitted and there is only one difference between them. The taxpayer had in the past years paid dividends in excess of earnings in the amount of $43,085.01. The Collector contends and the taxpayer denies that in determining the surplus for purposes of this suit this amount should be offset against the deficit shown on the books of the taxpayer. The taxpayer's claim for refund was disallowed by the Collector.

The Louisiana statute, Act No. 250 of 1928, § 26, Section 1106, Dart's La.Gen. Stats., provides:

"Dividends: Method of Estimating Fund for Payment of.

"1. No corporation shall pay dividends in cash or property,

"(a) except from the surplus of the aggregate of its assets over the aggregate of its liabilities, plus the amount of its capital stock; or

"(b) out of any surplus due or arising from

"(1) any profit on treasury shares before resale; or

"(2) any unrealized appreciation in value or revaluation of fixed assets; or

"(3) any unrealized appreciation in value or revaluation of inventories before sale; or

"(4) the unaccrued portion of unrealized profit on notes, bonds or obligations for the payment of money, purchased or otherwise acquired, unless such notes, bonds or obligations are readily marketable, in which case they may be taken at their actual market value; or

"(5) the unaccrued or unearned portion of any unrealized profit in any form whatever, whether in the form of notes, bonds, obligations for the payment of money, installment sales, credits or otherwise, except as provided in the proceeding subparagraph (4)."

Article 26-2, as amended, of Treasury Regulations 94 referring to the deficit mentioned in Section 26(c) (3) of the Revenue Act of 1936 states as follows:

"(d) Deficit corporations.—Under the provisions of section 26(c) (3) a corporation having a deficit in accumulated earnings and profits as of the close of the preceding taxable year is allowed as a credit

the amount of such deficit to the extent that the corporation is prohibited by a provision of a law or of an order of a public regulatory body from paying dividends during the existence of a deficit in accumulated earnings and profits, and if such provision was in effect prior to May 1, 1936.

"Whether such a deficit exists as of the close of the preceding taxable year is a question to be determined from the facts and circumstances of each particular case. in any such case the taxpayer must show how the deficit arose, whether from operating losses, capital distributions in excess of earnings and profits, or other causes. In addition the taxpayer must show, under a law or an order of a public regulatory body, the extent to which it could not legally have paid dividends during the existence of such deficit. A State law, for example, might permit the payment of a dividend from unrealized appreciation in value of assets even though the corporation had a deficit in accumulated earnings and profits. A deficit in accumulated earnings and profits can arise only out of the operation of the business at a loss and cannot be caused by distributions to shareholders in excess of the amount of accumulated earnings and profits. If distributions are made to shareholders out of accumulated earnings and profits, however, such distributions may contribute to the creation of a deficit by so exhausting the accumulated earnings and profits that they are incapable of absorbing a loss thereafter resulting from the business. Unrealized appreciation or depreciation in value of assets is not a factor in determining accumulated earnings and profits."

The Louisiana statutes makes no reference to accumulated earnings and profits as being the source for payment of dividends. Whether a corporation is a deficit corporation must be determined by Louisiana law. Applying the Louisiana statute, a corporation can only pay dividends from "the surplus of the aggregate of its assets over the aggregate of its liabilities, plus the amount of its capital stock" and in the Additional Stipulation of Facts which shows the status of the taxpayer as of October 31, 1937, the beginning of the fiscal year 1938, the figures show:

| | |
|---|---|
| Aggregate Assets | 2,423,269.50 |
| Aggregate Liabilities | 2,385,881.81 |
| Surplus of Assets over Liabilities | 37,387.69 |
| Capital Stock | 50,000.00 |
| Deficit | 12,612.31 |

It appears therefore the taxpayer could lawfully pay no dividends and any payment of dividends would impair its capital, and in fact did in the instant case. From the above it appears the taxpayer was a deficit corporation within the meaning of the Louisiana statute.

Approaching the accounting problem from another aspect, the surplus should be broken into two accounts; that is, a paid-in or capital surplus account and an earned surplus account. The capital surplus account is made up of the parent company contributions, the write up of assets, the allowance of expense deductions, and rent deduction equaling the amount of $1,510,499.57 to be deducted from the total of the write up of assets, the dividends paid out of capital, and the refund of taxes, equaling the amount of $43,276.38, resulting in a balance of $1,467,223.19. From this is deducted the write up of assets and the total balance of the capital surplus account is $1,454,725.89. The earned surplus account is made up of the accumulated earnings and profits, which in the instant case is stipulated to be a deficit of $1,348,746.19, plus items of excess depreciation on books, adjustment of unsettled claims of processing taxes, undistributed plant liability on branch house claims, interest credit passed by taxpayer to parent, and excess pension fund accrual equaling the sum of $1,479,835.50 as the balance for the earned surplus deficit account.

Offsetting the capital surplus account against the earned surplus deficit as of October 31, 1937, the result is a deficit on the books of the taxpayer in the amount of $25,109.61.

It appears therefore there was a deficit in earned surplus or accumulated earnings and profits as of the close of the preceding

taxable year, October 31, 1937 and the taxpayer was prohibited under Louisiana law from paying dividends. The taxpayer is therefore entitled to claim a dividends paid credit of $43,085.01 and to a refund of surtax on undistributed profits in the amount of $7,020.13.

The Stipulation of Facts, the Additional Stipulation of Facts, and the memorandum of the court constitute the Findings of Fact and Conclusions of Law herein.